UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                         PLAINTIFF

v.                                                                          CRIMINAL ACTION NO. 3:05CR-130-S

HERMAN KNOX                                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Herman Knox, for an order suppressing all physical and testimonial evidence obtained as a result of the search of the defendant's residence on June 14, 2005. The defendant challenges the sufficiency of the affidavit submitted by Detective Steve Healey of the Louisville Metro Police Department in support of the application for search warrant.

There is a presumption of validity with respect to an application for search warrant upon which a warrant has been issued. *See, Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978). The United States Supreme Court stated in *Franks*, 98 S.Ct. at 2684 that

> To mandate an evidentiary hearing, the challenger's attack must be more that conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

The motion to suppress herein falls far short of that which is required by *Franks*. There is no offer of proof via affidavit or otherwise to support the challenge to Detective Healey's affidavit for search warrant. The defendant makes a number of conclusory statements concerning the affidavit. He states that the "independent investigation" was "sorely lacking in facts," and that "the police made statements that were either not truthful or were made with reckless or intentional

- 2 -

disregard for their falsity." Motion to Suppress, p. 2. Additionally, the defendant notes that the confidential informant was unnamed and that the affidavit "does not make mention of any facts, nor specific information to substantiate the reliability of the CI." *Id.*

The defendant contends that the "independent investigation" recited in the affidavit relied "almost exclusively" on the defendants' criminal history. *Id.* A review of the portion of the affidavit relating to the independent investigation reveals more than a mere recitation of the criminal history of the defendants. The independent investigation corroborated specific facts offered by the confidential informant.

The confidential informant described particular vehicles driven by the defendants and offered particular and detailed information concerning the drug operation allegedly run by the defendants. In particular, the informant described a black Ukon and a gold Caprice as vehicles driven by James Knox and Herman Knox respectively. A gold Caprice was parked in front of the address given by the confidential informant as the location at which narcotics were being stored and sold. It was verified that the vehicle was registered to James Knox.

The confidential informant described with particularity the drug activity being conducted. Detective Healey stated that the informant had proven reliable, as previous information from the informant had resulted in the seizure of large amounts of narcotics and arrests for narcotics trafficking. He noted that the informant was familiar with the drug trade including the way in which illegal drugs were sold, cut, weighed, stored and ingested. Detective Healey also stated that controlled buys of narcotics had been made from both defendants.

The informant stated that the defendants were brothers. The informant stated that the brothers kept a large weapons cache in the apartment in question for fear of being robbed of guns or money. The informant stated that they were from California, and made "runs" to Tennessee and California to obtain narcotics to sell in Louisville. The informant claimed to have seen narcotics and weapons in the apartment within 48 hours of the time Detective Healey drafted his application for

search warrant. The informant also noted that on occasion crack cocaine which was being sold from the apartment was being cooked in another apartment on the same property. The prior arrests of the defendant, James Knox, included narcotics trafficking arrests in Tennessee and California. Herman Knox had prior arrests, including narcotics trafficking arrests, in California. Thus the confidential informant's information concerning the specifics of the defendants' drug trafficking activities was bolstered by (1) a reputation of the informant for reliability in the past, (2) controlled buys of narcotics which were made from both defendants, and (3) the defendants' prior arrests for narcotics trafficking in both Tennessee and California.

The defendant suggests that more than one affidavit for search warrant contained the phrase "within 48 hours of the warrant being drafted the CI observed...," but that these warrants were sworn to and subscribed three days apart. No other affidavits other than the one presently before us were provided to the court. No further explanation has been offered as to how the above-quoted phrase evidences untruthfulness. The defendant's contention falls short of the substantiated and specific allegation of untruthfulness required by *Franks, supra.*

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Herman Knox, for suppression of physical and testimonial evidence (DN 29) is **DENIED**.

**IT IS SO ORDERED**.